**FLUOR AUSTRALIA PTY LTD., an Australian corporation, Plaintiff-counter-defendant—Appellee,**

v.

**ALLIANZ GLOBAL RISKS U.S. IN-SURANCE COMPANY, f/k/a Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Insurance Company, a California corporation, Defendant-cross-defendant—Appellant,**

**Certain Lloyd's Underwriters, a United Kingdom entity; et al., Defendants-cross-claimants—Appellees.**

No. 05–56418.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2007 *.

Filed June 13, 2007.

David L. Mulliken, Esq., Latham & Watkins, LLP, San Diego, CA, for Plaintiff–counter–defendant—Appellee.

Pamela J. Gelman, Esq., Grotefeld & Denenberg, LLP, Los Angeles, CA, Jeffrey R. Learned, Esq., Grotefeld & Denenberg, LLC, Bloomfield Hills, MI, for Defendant–cross–defendant—Appellant.

William Casey, Duane Morris, LLP, San Francisco, CA, Eric A. Moon, Esq., Duane Morris, LLP, San Francisco, CA, for Defendants–cross–claimants—Appellees.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM **

In this interpleader action brought by Fluor Australia Pty. Ltd., Allianz Global Risks U.S. Insurance Co. appeals the district court's order awarding summary judgment to Certain Lloyd's Underwriters, SR International Business Insurance Co. Ltd., and Kemper Environmental, Ltd. (collectively, the Fifth Layer Carriers) on the issue of whether the proceeds are to be allocated on a "top-down" or a pro rata basis. We affirm for substantially the same reasons as those stated by the district court.

I

We agree with the parties that we have jurisdiction over this appeal. Because there are no claims, parties, or issues remaining for adjudication in the interpleader action, the district court's order awarding summary judgment to the Fifth Layer Carriers is a final judgment appealable under 28 U.S.C. § 1291.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## II

Under the top-down principle endorsed by the California Court of Appeal in *Century Indemnity Co. v. London Underwriters,* 12 Cal.App.4th 1701, 16 Cal. Rptr.2d 393 (1993), subrogation proceeds should be allocated to insurers in the order opposite to that in which they contributed to a settlement payout. *Id.* at 1710, 16 Cal.Rptr.2d 393. Allianz's reliance on a provision in the CNA primary policy is misplaced because that provision only addresses allocation of subrogation recoveries between Fluor and its insurer CNA, and is silent on allocation among Fluor's various insurers. The CNA primary policy therefore provides no reason to depart from traditional insurance principles and considerations of equity, which dictate top-down allocation in accordance with the levels of risk exposure for which the various insurers bargained.

## III

It is unnecessary to remand to the district court because the insurance contracts are not ambiguous in any material respect. The CNA provision upon which Allianz relies clearly does not address allocation of subrogation recoveries among Fluor's multiple insurers.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.